MCGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO SAUCEDA MONTOYA,<br><br>Defendants. | CASE NO. 2:19-MJ-154-AC<br><br>STIPULATION FOR EXTENSION OF TIME FOR PRELIMINARY HEARING PURSUANT TO RULE 5.1(d) AND EXCLUSION OF TIME<br><br>DATE: May 21, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Deborah L. Barnes |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney James R. Conolly, and defendant Ricardo Sauceda Montoya, both individually and by and through his counsel of record, Dina Santos, hereby stipulate as follows:

1. The Complaint in this case was filed on September 13, 2019, and defendant first appeared before a judicial officer of the Court in which the charges in this case were pending on February 27, 2020. The court set a preliminary hearing date of April 2, 2020, which was continued to May 21, 2020.

2. By this stipulation, the parties jointly move for an extension of time of the preliminary hearing date to June 25, 2020, at 2:00 p.m., before the duty Magistrate Judge, pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure. The parties stipulate that the delay is required to allow the defense reasonable time for preparation, and for the government's continuing investigation of the case. The parties further agree that the interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

3. To the extent it is needed, this stipulation also supplements the basis for exclusion of time under General Order 611, 612, and 617, and requests that the Court also exclude time under Local Code T4, for the reasons set forth below.

    a) On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

    b) Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

    c) Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

    d) The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed

STIPULATION        2

a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

    e) In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] The parties note that the Court has already designated a new date for the continued preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

4. The parties agree that good cause exists for the extension of time, and that the extension of time would not adversely affect the public interest in the prompt disposition of criminal cases. Therefore, the parties request that the time between May 21, 2020, and June 25, 2020, be excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), Local Code T-4.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: May 17, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ JAMES R. CONOLLY<br>JAMES R. CONOLLY<br>Assistant United States Attorney |
| Dated: May 17, 2020 | /s/ DINA SANTOS<br>DINA SANTOS<br>Counsel for Defendant<br>RICARDO SAUCEDA<br>MONTOYA |

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

| | |
|---|---|
| 1 | MCGREGOR W. SCOTT |
|   | United States Attorney |
| 2 | JAMES R. CONOLLY |
|   | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
|   | Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
|   | Facsimile:  (916) 554-2900 |

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-MJ-154-AC |
|---|---|
| Plaintiff, | FINDINGS AND ORDER EXTENDING TIME FOR PRELIMINARY HEARING PURSUANT TO RULE 5.1(d) AND EXCLUDING TIME |
| v. | |
| RICARDO SAUCEDA MONTOYA, | DATE: May 21, 2020 |
| Defendant. | TIME: 2:00 p.m. |
| | COURT: Hon. Deborah L. Barnes |

The Court has read and considered the Stipulation for Extension of Time for Preliminary Hearing Pursuant to Rule 5.1(d) and Exclusion of Time, filed by the parties in this matter on July 8, 2019.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates good cause for an extension of time for the preliminary hearing date pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure.

Furthermore, for the reasons set forth in the parties' stipulation, the Court finds that the interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court further finds that the extension of time would not adversely affect the public interest in the prompt disposition of criminal cases.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.   The date of the preliminary hearing is extended to June 25, 2020, at 2:00 p.m.

2. The time between May 21, 2020, and June 25, 2020, shall be excluded from calculation pursuant to 18 U.S.C. § 3161(h)(7)(A) and in light of this Court's recent General Orders.

3. Defendants shall appear at that date and time before the Magistrate Judge on duty.

IT IS SO ORDERED.

Dated:  May 18, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE